UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| VARTKES BOURMAIAN, #96851 | ) ) ) | |
| Plaintiff, | ) ) | 2:10-cv-02233-JCM-GWF |
| vs. | ) ) | **ORDER** |
| DOUGLAS GILLESPIE, *et al.*, | ) ) | |
| Defendants. | ) / | |

Presently before the court is defendants Naphcare, Inc.'s, Cornelius Henderson's, Lois Rospowl's and Patricia Oliver's motion to dismiss plaintiff Vartkes Boiurmaian's claims for failure to state a claim for which relief may be granted. (Doc. #14). Plaintiff filed an opposition (doc. #23), and defendants submitted a reply (doc. #25). Defendant Dr. Simone Russo joined defendants' motion to dismiss (doc. #17) and filed a separate reply (doc. #24). Plaintiff also filed an additional reply to the defendants' replies. (Doc. #26).

The instant dispute concerns an incident occurring at the Clark County Detention Center on July 9, 2010, wherein a correction officer accidentally struck the plaintiff's left eye with a red laser flashlight. Plaintiff requested medical attention and was seen on multiple occasions by both nurses and doctors employed by defendant Naphcare. An appointment with an ophthalmologist was scheduled following

those meetings but has never taken place. Subsequently, plaintiff filed a grievance with Naphcare which was denied.

Plaintiff filed the instant complaint with this court on March 17, 2011, alleging a civil rights violation pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth and Fourteenth Amendment rights. (Doc. #7). In the prayer for relief, plaintiff requests: (1) compensatory and punitive damages; (2) injunctive relief; and (3) declaratory judgment to receive medical attention.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement of relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S. at 557). However, "[i]n civil rights cases where plaintiff appears pro se, [the] court must construe pleadings liberally and must afford plaintiff [the] benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

A. Claims Against Henderson, Rospowl and Oliver

Defendants Cornelius Henderson, Lois Rospowl and Patricia Oliver ("nurses") argue that the plaintiff has failed to allege a viable claim against them in either their official or individual capacities.

(i) Official Capacity

Because the nurses are agents of Naphcare, to state a claim against them in their official capacities, the plaintiff must allege that they, or the entity they represent, enacted and implemented policies or customs that violated federal law. *Kentucy v. Graham*, 473 U.S. 159, 166 (1985). The policy or custom must be deliberate or conscious on the part of the nurses as the final policy-making officials, and a direct causal link must exist between those policies and the alleged constitutional deprivation. *Tate v. Lau*, 865 F. Supp. 681, 689 (D. Nev. 1994).

Here, the plaintiff does not allege any nurse involvement in enacting or implementing the medical treatment policies or customs that allegedly violated federal law. Plaintiff expresses disapproval only regarding the nurses' written responses to his requests for additional medical appointments. Therefore, all claims asserted against the nurses in their official capacities are dismissed without prejudice.

    (ii) Individual Capacity

To allege a claim under 42 U.S.C. § 1983 against the nurses in their individual capacities, plaintiff must demonstrate "deliberate indifference" on the part of the medical personnel, meaning an "unnecessary and wanton infliction of pain." *Estelle v. Gambler*, 429 U.S. 87, 104 (1976). Here, plaintiff has not only conceded that the nurses may not have been aware of a medical policy and procedure regarding treatment priorities, but has also indicated that he "holds Naphcare, Inc., totally responsible for the lack of medical treatment." (Doc. #23). These admissions effectively absolve the nurses of any liability under a "deliberate indifference" standard, making dismissal proper.

Furthermore, the plaintiff has failed to oppose dismissal of the claims against the nurses in their individual capacities and "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2 (2010). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

In light of the plaintiff's admission regarding Naphcare's exclusive guilt, plaintiff's failure to respond, and weighing the factors identified in *Ghazali*, the court dismisses the claims against the nurses in their individual capacities without prejudice.

. . .

C. Claims Against Dr. Simone Russo

For the plaintiff to recover under his Eighth Amendment claim for deliberate indifference, he must show that the prison official acted with a "sufficient culpable state of mind," which requires more than mere negligence, but less than conduct undertaken for the purpose of causing harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Additionally, the plaintiff must allege that the prison official knew of and disregarded an excessive risk to inmate health and safety. *Id*.

Here, plaintiff references defendant Russo only to note that Dr. Russo examined plaintiff on one occasion, following which the plaintiff was promptly referred to a specialist. The plaintiff claims that the defendant disregarded the excessive risk to his health following the examination when he stated that the plaintiff would see the specialist "when Naphcare approves." (Doc. #7). The plaintiff also alleges that this statement demonstrates that the doctor has a policy-making role within Naphcare.

The court disagrees. The defendant doctor is a general practitioner and followed his practice of referring the patient to a specialist for further diagnosis. The court finds his actions reasonable in light of the circumstances and declines to find that Dr. Russo acted with a culpable state of mind rising above mere negligence. The court also finds no evidence that Dr. Russo had occupied a policy-making role in Naphcare's institutional structure. Therefore the claims against the doctor are dismissed without prejudice.

D. Claims Against Naphcare

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege conduct under the color of state law which subjected the plaintiff to a deprivation of constitutional rights. *Jones v. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Because an entity cannot be liable for the behavior of its employees under the theory of respondeat superior, the plaintiff must show that an entity's own institutionalized policy, practice, or custom inflicted injury upon the plaintiff. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

4

1  Thus, the threshold inquiry must be whether a direct, causal link exists between the policy, practice, or
2  custom of the entity and the alleged constitutional deprivation to the plaintiff. *Harris*, 489 U.S. at 385.
3  The link must also demonstrate a deliberate or conscious choice by the final policy-making official.
4  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Here, the plaintiff has failed to allege that Naphcare had a policy or practice that caused the violation of his constitutional rights. Plaintiff only claims that an unidentified doctor stated that a "slow response from Naphcare is not unusual" (doc. #7). That statement alone is not a reflection of Naphcare's policies and procedures. Therefore the claims against Naphcare are dismissed without prejudice.

E.  Preliminary Injunction

Finally, plaintiff's request that Naphcare provide medical attention for his eye cannot be granted, as the request is moot. A claim is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The plaintiff is no longer being held at Clark County Detention Center and is now in the custody of the Nevada Department of Corrections. Therefore, his request is moot as Naphcare is no longer plaintiff's medical provider.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #14) is GRANTED with prejudice as to defendants Cornelius Henderson, Lois Rospowl, Patricia Oliver in their official capacities and Dr. Simone Russo and GRANTED without prejudice as to defendants Cornelius Henderson, Lois Rospowl, Patricia Oliver in their individual capacities and Naphcare, Inc.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's request for preliminary injunction (doc. #7) is DENIED.

DATED this 14th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE